# William A. Kern, Appellant, *v.* Pauline Kern.

*Divorce—Desertion—Justifiable desertion—Offer to resume marital relations—Lack of good faith—Evidence.*

In a libel for divorce on the ground of desertion respondent testified that she left her husband's home because he insulted her and maintained questionable relations with another woman. She refused his offer to resume marital relations on the ground that he would not agree to discontinue association with this woman.

The association of the plaintiff with another woman at the very time he asked his wife to return and his refusal to promise that if she did return he would discontinue his relations with the woman in question were circumstances fully supporting the finding that the invitation to return was not made in good faith, and the decree of divorce was properly refused.

*Practice—Answer to libel—Amendment—Authority of court—Evidence—Letter—Admissibility.*

It was within the authority of the court to permit the filing of an amendment to respondent's answer specifically charging that complainant was guilty of adulterous practices with the young woman named in the answer.

A letter addressed to complainant at his office, alleged by respondent and proved by a witness to have been in the handwriting of the young woman referred to, was properly admitted in evidence.

The letter, not having been delivered to the complainant, would not have been admissible in the absence of evidence connecting him therewith, but the court could well find, as it did, that the conduct of the complainant in filling an appointment with the young woman on the date referred to in the letter, and his acknowledgment that he took her for a "joy ride" on the night of that date sufficiently connected the parties to make the letter admissible.

Argued April 18, 1928. Appeal No. 1526, April T., 1928, by libellant from decree of C. P., Westmoreland County, No. 24, August T., 1926, in the case of William A. Kern v. Pauline Kern. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Libel in divorce. Before COPELAND, P. J., DOM and WHITTEN, JJ.

The facts are stated in the opinion of the Superior Court.

The court dismissed the libel. Libellant appealed.

*Errors assigned,* among others, were various rulings on evidence and the decree of the court.

*R. Kay Portser,* and with him *Edward G. Bauer, Charles D. Copeland, Jr.,* and *B. Kirk McConnell,* for appellant.

*Wm. S. Rial,* and with him *James S. Beacom, Samuel M. Ankney, Paul S. Bernhart* and *H. E. Marker,* for appellee.

OPINION BY HENDERSON, J., July 12, 1928:

The appellant filed a libel for a divorce in which he charged the respondent (1) with wilful and malicious desertion, and (2) with such indignities to the person of the libellant as to render his condition intolerable and life burdensome. The latter charge was not pressed at the trial and the case was disposed of on the allegation of desertion. The respondent admitted that she had left the home of her husband, but justified that conduct for the reason that the libellant had treated her with rudeness, insulted her "time and time again," and stayed out late at night, pretending to be attending to business, when as a fact he was with a young woman. Testimony was taken on the respec-

tive sides and the master reported in favor of a decree for the complainant. In so doing he recognized the significance of the evidence showing the relations between the complainant and the young woman named in the answer, but held that an overture made by the complainant through his attorney to the respondent to return and renew their marital relations should have been accepted, and that the refusal of the respondent so to do amounted to a persistence in desertion. The case was heard before the three judges of the Court of Common Pleas of the county, two of whom filed full and carefully considered opinions in which they reached the conclusion that the complainant had failed to sustain his accusation. They, therefore, entered a decree dismissing the bill. The third member of the court filed a dissent. The questions considered in the opinions related to the right of the respondent to file an amendment to the answer specifically charging that the complainant was guilty of adulterous practices with the young woman named in the answer, and to the admissibility of a letter (Exhibit B) and the envelope enclosing the same addressed to the complainant at his office in Jeannette, which letter was signed ''Florence'' and was alleged by the respondent and proved by a witness to have been in the handwriting of the young woman referred to. Another question was whether the complainant in asking his wife to return to him acted in good faith and with the intention to re-establish a home? On all the questions of law and fact involved the court sustained the contentions of the respondent and supported the same with a citation of authorities and with an analysis of the evidence, which relieves us from an extended discussion at this time. While the filing of the amendment may not have been necessary in view of the form of the third paragraph of the answer and the evidence relating thereto, the authority of the court to grant it is supported by abundant citations.

The letter, Exhibit B, referred to, not having been delivered to the complainant, would not have been admissible in the absence of evidence connecting him therewith, but the court could well find, as it did, that the conduct of the complainant in filling an appointment with the young woman on the date referred to in the letter, and his acknowledgment that he took her for a "joy ride" on the night of that date sufficiently connected the parties to make the letter admissible. There is abundant authority, as shown by the court, for the conclusion that adultery may be inferred under the evidence, although testimony bearing directly on the subject was not introduced. Facts not in dispute permitted the presumption of such conduct. The association of the complainant with Florence Blair at the very time when he asked his wife to return, and his refusal to promise that if she did return he would discontinue his relation with Miss Blair were circumstances fully supporting the finding that the invitation to return was not made in good faith. We do not find any sufficient reason for sustaining the appeal.

The decree is, therefore, affirmed at the cost of the appellant.